LAURA L. CRANE, Bar No. 238246
Principal Assistant County Counsel
TOM BUNTON, Bar No. 193560
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5449
Facsimile: (909) 387-4069
E-Mail: laura.crane@cc.sbcounty.gov

Attorneys for Defendant San Bernardino County (named as County of San Bernardino)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MOLLER, an individual and successor-in-interest of BRET BREUNIG, deceased;<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a public entity; UNINDENTIFIED DEPUTIES, individuals, CITY OF REDLANDS, a public entity; UNIDENTIFIED OFFICERS, individuals; LOMA LINDA MEDICAL CENTER, a non-profit corporation; UNIDENTIFIED HEALTH CARE PROFESSIONALS, individuals; and KENNETH BREUNIG, a nominal Defendant,<br><br>Defendants. | Case No. 5:22-cv-01306 DSF (MARx)<br><br>SAN BERNARDINO COUNTY'S NOTICE OF MOTION AND MOTION TO DISMISS FIFTH CLAIM FOR RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[FRCP 12(b)(6)]<br><br>Date:     October 3, 2022<br>Time:     1:30 pm<br>Location: 350 West 1st Street<br>          Courtroom 7D<br>          Los Angeles, CA |

SAN BERNARDINO COUNTY'S MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 3, 2022 at 1:30 p.m., or as soon thereafter as the matter maybe heard in the above-entitled court, located at 350 West 1st Street, Courtroom 7D, Los Angeles, California, San Bernardino County (erroneously named as County of San Bernardino) will, and hereby does, move the court to dismiss Plaintiff's Fifth Claim for Relief pursuant to Federal Rules of Civil Procedure, Rule 12, subdivision (b)(6) on the ground that the claim fails to state facts sufficient to constitute a cause of action against this moving party.

San Bernardino County's motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the pleadings and papers filed herein.

## COMPLIANCE WITH LOCAL RULE 7-3

This motion is made following the conference of counsel pursuant to L.R. 7-3 which began on August 12, 2022 and concluded on August 17, 2022.

Respectfully submitted,

Dated:  August 25, 2022         TOM BUNTON
                                County Counsel

                       By:      /s/ Laura L. Crane
                                LAURA L. CRANE
                                Principal Assistant County Counsel
                                Attorneys for Defendant San Bernardino County

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Deborah Moller's son, Bret Breunig, died after being hit by a train. Complaint ¶ 33. Plaintiff contends this was the result of inadequate treatment at the Loma Linda Medical Center (*id.* ¶ 24), law enforcement's forcible removal of Mr. Breunig from the hospital (*id.* ¶ 26), and law enforcement's failure to properly assess or care for Mr. Breunig after his removal (*id.* ¶¶ 30-31).

Unidentified City of Redlands Police Officers and San Bernardino County Sherriff Deputies are defendants to Plaintiff's first four claims for relief brought pursuant to 42 U.S.C. § 1983. San Bernardino County and the City of Redlands are identified as defendants to the fifth claim for relief titled, "*Monell* Claim (42 U.S.C. § 1983). The remaining four claims are based on state law. The County is challenging only the fifth claim for relief in this motion.

The fifth claim for relief is asserted against the County pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983 against a public entity, a plaintiff must allege plausible facts supporting the notion that the public caused the plaintiff's injuries "by the execution of its policy or custom or existence of a County policy or custom that caused Plaintiff's constitutional deprivation or those whose edicts or acts may fairly be said to represent official policy." *Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1078 (E.D. Cal. 2018) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). Plaintiff here has failed to allege plausible facts supporting her allegations. Instead, Plaintiff has asserted in a conclusory fashion every possible theory for *Monell* liability without identifying any supporting facts. These allegations cannot support public entity liability. The County therefore requests it be dismissed from the fifth claim for relief.

/ / /

/ / /

## II. **FACTS ALLEGED IN PLAINTIFF'S COMPLAINT**

In the days leading to his death, Bret Breunig allegedly had contact with both Redlands Police Officers and San Bernardino County deputies. Complaint ¶ 28. On August 18, 2021, Mr. Breunig sought medical treatment at Loma Linda Medical Center for an infection in his leg. *Id.* ¶ 23. Plaintiff contends the hospital failed to properly treat Mr. Breunig and then called law enforcement to have Mr. Breunig forcibly removed from the premises. *Id.* ¶ 24.

Redlands Police Officers and San Bernardino County Sheriff Deputies allegedly complied with the hospital's request to remove Mr. Breunig despite him appearing in need of medical attention and being unable to care for himself. Complaint ¶ 27. For unstated reasons, the deputies and/or officers allegedly left Mr. Breunig in the City of Redlands at a location where a train was approaching. *Id.* ¶ 31-32. Plaintiff alleges Mr. Breunig then "wandered onto the train crossing where he [was] struck by the passing train" and died. *Id.* ¶ 33.

Plaintiff alleges San Bernardino County possesses "the power and authority to adopt policies and prescribe rules, regulations and practices affecting" the operation of the Sheriff's Department, "its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest…" Complaint ¶ 84. Plaintiff contends the County intentionally promulgated unspecified policies in violation of the Fourth and Fourteenth Amendments which "encouraged the employment, deployment and retention of persons as peace officers who have a propensity for failing to protect citizens in custody, failing to provide safe conditions of confinement, dishonesty, cover-up, bias, and numerous other serious abuses…" *Id.* ¶ 85. Plaintiff further contends the County knowingly maintains or permits "official *sub-rosa* policies." *Id.* ¶ 86. Finally, in paragraph 87, Plaintiff lists the following ten customs, polices, or practices she alleges caused her injuries:

(a) Ignoring prior unspecified misconduct toward detainees and arrestees including by the deputies involved in this incident;

(b) Failing to protect unspecified citizens in custody by failing to provide "safe conditions of confinement, falsifying reports, suppressing evidence, and dishonesty";

(c) Refusing to discipline unspecified employees found to have committed similar acts;

(d) Refusing to investigate allegations of failing to protect citizens, failing to provide safe conditions of confinement, or misconduct;

(e) Reprimanding, threatening, intimidating, demoting, or firing deputies who reported unlawful acts;

(f) Covering up unspecified acts of misconduct and sanctioning a code of silence;

(g) Sanctioning the custom and practice of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

(h) Failing to adequate supervise deputies;

(i) Condoning a conspiracy of silence; and

(j) Fostering and condoning a general atmosphere of lawlessness, abuse, and misconduct.

## III. ARGUMENT

### A. Motion to Dismiss Standard.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claim or claims stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In ruling on a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court may use its judicial experience and commonsense to determine whether the allegations plausibly state a claim for relief. *Iqbal*, 556 U.S. at 679.

## B. The *Monell* Allegations Contained within the Fifth Claim for Relief Are Conclusory.

Plaintiff's Complaint contains multiple paragraphs referencing "rules, regulations and practices" of failing to supervise, encouraging a code of silence, or encouraging or covering up misconduct. The Complaint, however, fails to include any plausible facts to support these conclusory allegations. These allegations fail to meet the pleading standards articulated by the Supreme Court in *Iqbal* and *Twombly*, fail to establish a "longstanding practice or custom" of constitutional violations as needed to defeat this motion (*see Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999)), and attempt to force the County into expensive and unnecessary discovery.

Although public entities cannot be held liable under Section 1983 through a respondeat superior theory (*Monell*, 436 U.S. at 690–91), they can be held liable "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 690). To survive a motion to dismiss, a plaintiff must allege "the governmental body itself 'subject[ed]' a person to a deprivation of rights or 'cause[d]' a person 'to be subjected' to such deprivation." *Connick*, 563 U.S. at 60 (quoting *Monell*, 436 U.S. at 690).

To survive a motion to dismiss, the complaint must contain sufficient allegations of underlying facts to give fair notice to the municipality of the policies alleged, and, taken as true, the allegations must plausibly suggest an entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678. Such allegations must be stripped away because "they are no more than conclusions [and] are not entitled to the assumption of truth. *Id.* at 679.

The "practical significance of the Rule 8" pleading requirements are to prevent a plaintiff from being allowed to 'take up the time of a number of other people,'" inundate the defendant with unnecessary discovery, and use such discovery as an *"interrorem"* means to force a settlement. *Twombly*, 550 U.S. at 557–558 *quoting Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005). Similar to the costs of discovery in an antitrust matter as discussed in *Twombly*, the costs of a *Monell* claim could be significant, particularly when multiple liability theories are alleged. Such claims expose the defendant public entity to discovery on every past civil complaint alleging similar acts, all prior training, and all prior discipline. Consequently, plaintiffs must allege more than "naked assertion[s]" devoid of "further factual enhancement" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 677-81.

In *Iqbal*, 556 U.S. 662, the Court held that a plaintiff must plead sufficient factual matter to show that defendants adopted and implemented policies at issue for a discriminatory purpose and not for neutral reasons. The Court affirmed that a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]"

devoid of "further factual enhancement." *Id.* at 677–678, quoting *Twombly*, 550 U.S. at 555. The Court therefore determined that Iqbal's allegations that Ashcroft and Mueller "knew of, condoned and willfully and maliciously agreed to subject" Iqbal to harsh conditions of confinement "as a matter of policy…and for no logical penological interest" were merely "bare assertions" amounting to nothing more than a "formulaic recitation of the elements" of a constitutional claim. As such, the allegations were conclusory, not entitled to be assumed true, and did not state a claim upon which relief could be granted. *Id.* at 680–681.

In *Starr*, 652 F.3d 1202, the Ninth Circuit considered whether after *Twombly* and *Iqbal*, it is sufficient to allege that a specified unconstitutional policy, custom, or practice exists, or whether the Plaintiff must allege more, i.e., facts showing the plausible existence of the challenged policy. The Court concluded that something more than a bare averment is needed to establish liability. *Id.* at 1216. "[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Plaintiff's allegations listing in boilerplate fashion that a laundry list of unconstitutional policies and practices exist at the Sheriff's Department, or that unspecified general acts of misconduct have occurred, constitutes nothing more than conclusory labels consistent with public entity liability. Stripping away these allegations from the Complaint reveals that Plaintiff seeks to hold the County liable and force it into expensive discovery based only on bare assertions that amount to nothing more than a formulaic recitation of the elements of a *Monell* claim.

## IV. CONCLUSION

For the reasons stated above, San Bernardino County respectfully requests the fifth claim for relief be dismissed as to the County.

Respectfully submitted,

Dated: August 25, 2022

TOM BUNTON
County Counsel

By: /s/ Laura L. Crane
LAURA L. CRANE
Principal Assistant County Counsel
Attorneys for Defendant San Bernardino County