SHANNON L. GUSTAFSON (SBN228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO
and BREANA FITE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH MOLLER, an individual and successor –in-interest of BRET BREUNIG, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO,  a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF REDLANDS, a public entity; UNIDENTIFIED OFFICERS, individuals; LOMA LIND UNIVERSITY MEDICAL CENTER, a non-profit corporation; UNIDENTIFIED HEALTHCARE PROFESSIONALS, individuals; and KENNETH BREUNIG, a nominal Defendant<br><br>Defendant. | CASE NO. 5:22-CV-010306-DSF-MAR<br><br>*Assigned for All Purposes to:*<br>*Hon. Dale S. Fischer– Courtroom 7D*<br><br>**DEFENDANTS' COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Trial Date:      08/29/23*<br>*Complaint filed: 07/27/22*<br>*FAC filed:      09/19/22*<br>*SAC filed:      12/08/22* |

///

///

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

## INTRODUCTION

1.  Answering paragraph 1, this paragraph contains legal argument for which no response is required.

## PARTIES

2.  Answering paragraph 2, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

3.  Answering paragraph 3, Defendants admit the factual allegations of this paragraph.

4.  Answering paragraph 4, Defendants admit the factual allegations of this paragraph.

5.  Answering paragraph 5, given the vague and broad wording of this request Defendants lack sufficient information to admit or deny the allegations as phrased. For that reason, Defendants deny the allegations of this paragraph.

6.  Answering paragraph 6, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

7.  Answering paragraph 7, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

8.  Answering paragraph 8, Defendants deny San Bernardino County refused to properly identify any Doe deputies.  Defendants lack sufficient information to admit or deny any allegations as they relate to the City of Redlands.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and deny those allegations for that reason.

9.  Answering paragraph 9, Defendants admit San Bernardino County employed Breana Fite during the events identified in the Second Amended Complaint.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

1  Defendants lack sufficient information or belief to admit or deny the remaining
2  allegations of this paragraph and deny those allegations for that reason.

3       10. Answering paragraph 10, Defendants admit that during the events alleged in
4  the Second Amended Complaint, Breana Fite was acting under color of law and in
5  the course and scope of her employment with San Bernardino County.  Defendants
6  deny the remaining factual allegations of this paragraph.

7       11. Answering paragraph 11, Defendants admit Breana Fite was a duly appointed
8  Sheriff's Deputy and employee of San Bernardino County Sheriff's Department.
9  Defendants deny the remaining factual allegations of this paragraph.

10      12. Answering paragraph 12, the allegations in this paragraph are legal
11  conclusions.  To the extent this paragraph is construed to contain factual allegations,
12  Defendants deny those allegations.

13      13. Answering paragraph 13, the allegations in this paragraph are legal
14  conclusions. To the extent this paragraph is construed to contain factual allegations,
15  Defendants deny those allegations.

16      14. Answering paragraph 14, Defendants lack sufficient information or belief to
17  admit or deny the allegations made against any party other than San Bernardino
18  County or Deputy Fite.  As to the allegations made against these responding
19  Defendants, Defendants deny the factual allegations of this paragraph.

20      15.Answering paragraph 15, the allegations in this paragraph are legal
21  conclusions.  To the extent this paragraph is construed to contain factual allegations,
22  Defendants deny those allegations.

23      16. Answering paragraph 16, the allegations in this paragraph are legal
24  conclusions.  To the extent this paragraph is construed to contain factual allegations,
25  Defendants deny those allegations.

26      17. Answering paragraph 17, Defendants admit Plaintiff presented San
27  Bernardino County with a Government Claim prior to filing this lawsuit.

28

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

1  Defendants deny the remaining factual allegations of this paragraph.

2  18. Answering paragraph 18, Defendants lack sufficient information or belief to

3  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

4  the allegations of this paragraph.

5  **JURISDICTION AND VENUE**

6  19. Answering paragraph 19, the allegations in this paragraph are legal

7  conclusions.  To the extent this paragraph is construed to contain factual allegations,

8  Defendants deny those allegations.

9  20. Answering paragraph 20, the allegations in this paragraph are legal

10  conclusions.  To the extent this paragraph is construed to contain factual allegations,

11  Defendants deny those allegations.

12  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13  21. Answering paragraph 21, Defendants incorporate by this reference their

14  responses to paragraphs through 1 through 20.

15  22. Answering paragraph 22, Defendants lack sufficient information or belief to

16  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

17  the allegations of this paragraph.

18  23. Answering paragraph 23, Defendants lack sufficient information or belief to

19  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

20  the allegations of this paragraph.

21  24. Answering paragraph 24, Defendants deny the allegations of this paragraph.

22  25. Answering paragraph 25, Defendants admit that on August 18, 2021, Breana

23  Fite responded to the Loma Linda Medical Center.  Defendants deny the remaining

24  factual allegations of this paragraph.

25  26. Answering paragraph 26, Defendants lack sufficient information or belief to

26  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

27  the allegations of this paragraph.

28

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

27. Answering paragraph 27, Defendants deny the factual allegations of this paragraph to the extent they relate to these responding Defendants. Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph to the extent they relate to other Defendants. For that reason, Defendants deny the allegations of this paragraph.

28. Answering paragraph 28, Defendants admit that when Breana Fite arrived at the Loma Linda Medical Center and contacted Decedent, he was not wearing any shoes and was wearing a hospital gown and blanket. Defendants further admit Decedent did not have any medical device such as crutches to help him ambulate. Defendants deny the remaining factual allegations of this paragraph.

29. Answering paragraph 29, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

30. Answering paragraph 30, Defendants deny the factual allegations of this paragraph.

31. Answering paragraph 31, Defendants deny the factual allegations of this paragraph.

32. Answering paragraph 32, Defendants deny the factual allegations of this paragraph.

33. Answering paragraph 33, Defendants deny the factual allegations of this paragraph.

34. Answering paragraph 34, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph. For that reason, Defendants deny the allegations of this paragraph.

35. Answering paragraph 35, Defendants deny the factual allegations of this paragraph.

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

1  36. Answering paragraph 36, Defendants deny the factual allegations of this

2  paragraph.

3  **FACTS RELATED TO PLAINTIFF'S PUBLIC RECORDS ACT REQUEST**

4  37. Answering paragraph 37, Defendants admit Plaintiff requested records from

5  San Bernardino County pertaining to Decedent's death and that County provided

6  records in response.  Defendants lack sufficient information or belief to admit or

7  deny the allegations of this paragraph as they relate to any party other than these

8  responding parties.  Defendants deny the remaining factual allegations of this

9  paragraph.

10  38. Answering paragraph 38, Defendants admit Plaintiff made a second inquiry

11  regarding the status of her request for documents.  Defendants deny the remaining

12  factual allegations of this paragraph.

13  39. Answering paragraph 39, Defendants deny the factual allegations of this

14  paragraph.

15  40. Answering paragraph 40, Defendants deny the factual allegations of this

16  paragraph.

17  41. Answering paragraph 41, Defendants lack sufficient information or belief to

18  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

19  the allegations of this paragraph.

20  **FIRST CLAIM FOR RELIEF**

21  **Failure to Protect (42 U.S.C. § 1983)**

22  **(Against FITE, Responding Deputies and Officers)**

23  42. Answering paragraph 42, Defendants incorporate by this reference their

24  responses to paragraphs 21 through 41.

25  43. Answering paragraph 43, Defendants lack sufficient information or belief to

26  admit or deny the allegations of this paragraph.  For that reason, Defendants deny

27  the allegations of this paragraph.

28

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

1    44. Answering paragraph 44, Defendants deny the factual allegations of this
2    paragraph.

3    45. Answering paragraph 45, Defendants deny the factual allegations of this
4    paragraph.

5    46. Answering paragraph 46, Defendants deny the factual allegations of this
6    paragraph.

7    47. Answering paragraph 47, the allegations in this paragraph are legal
8    conclusions.  To the extent this paragraph is construed to contain factual allegations,
9    Defendants deny those allegations.

10   48. Answering paragraph 48, the allegations in this paragraph are legal
11   conclusions.  To the extent this paragraph is construed to contain factual allegations,
12   Defendants deny those allegations.

13   49. Answering paragraph 49, Defendants lack sufficient information or belief to
14   admit or deny the allegations of this paragraph.  For that reason, Defendants deny
15   the allegations of this paragraph.

16   50. Answering paragraph 50, Defendants deny the factual allegations of this
17   paragraph.

18   51. Answering paragraph 51, the allegations in this paragraph are legal
19   conclusions.  To the extent this paragraph is construed to contain factual allegations,
20   Defendants deny those allegations.

21                          **SECOND CLAIM FOR RELIEF**

22   **Due Process – Interference with Parent/Child Relationship (42 U.S.C. § 1983)**

23                **(Against FITE, Responding Deputies and Officers)**

24   52. Answering paragraph 52, Defendants incorporate by this reference their
25   responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

26   ///

27   ///

28

**7**

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

53. Answering paragraph 53, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

54. Answering paragraph 54, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

55. Answering paragraph 55, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

56. Answering paragraph 56, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

57. Answering paragraph 57, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

58. Answering paragraph 58, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

59. Answering paragraph 59, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

60. Answering paragraph 60, Defendants deny the factual allegations of this paragraph.

61. Answering paragraph 61, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

## THIRD CLAIM FOR RELIEF

### Due Process – State Created Danger (42 U.S.C. § 1983)

### (Against FITE, Responding Deputies and Officers)

62. Answering paragraph 62, Defendants incorporate by this reference their responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

63. Answering paragraph 63, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

64. Answering paragraph 64, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

65. Answering paragraph 65, Defendants deny the factual allegations of this paragraph.

66. Answering paragraph 66, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

67. Answering paragraph 67, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

68. Answering paragraph 68, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

69. Answering paragraph 69, Defendants deny the factual allegations of this paragraph.

70. Answering paragraph 70, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

## FOURTH CLAIM FOR RELIEF

### Due Process – Special Relationship (42 U.S.C. § 1983)

### (Against FITE, Responding Deputies and Officers)

71. Answering paragraph 71, Defendants incorporate by this reference their responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

72. Answering paragraph 72, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

73. Answering paragraph 73, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

74. Answering paragraph 74, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

75. Answering paragraph 75, Defendants deny the factual allegations of this paragraph.

76. Answering paragraph 76, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

77. Answering paragraph 77, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

78. Answering paragraph 78, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

79. Answering paragraph 79, Defendants deny the factual allegations of this paragraph.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

80. Answering paragraph 80, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

### FIFTH CLAIM FOR RELIEF

### *Monell* Claim (42 U.S.C. § 1983)

### (Against Defendant County)

81. Answering paragraph 81, Defendants incorporate by this reference their responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

82. Answering paragraph 82, Defendants admit San Bernardino County is an incorporated public entity duly authorized and existing pursuant to the laws of the State of California.  Defendants deny the remaining factual allegations of this paragraph.

83. Answering paragraph 83, Defendants admit that during the events alleged in the Second Amended Complaint, Breana Fite was and still is a San Bernardino County working in the Sheriff's Department.  Defendants deny the remaining factual allegations of this paragraph.

84. Answering paragraph 84, Defendants deny the factual allegations of this paragraph.

85. Answering paragraph 85, Defendants deny the factual allegations of this paragraph.

86. Answering paragraph 86, Defendants deny the factual allegations of this paragraph.

87. Answering paragraph 87, Defendants deny the factual allegations of this paragraph.

88. Answering paragraph 88, Defendants deny the factual allegations of this paragraph.

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

89.   Answering paragraph 89, Defendants deny the factual allegations of this paragraph.

90.   Answering paragraph 90, Defendants admit Breana Fite transported Decedent. Defendants deny the remaining factual allegations of this paragraph.

91.   Answering paragraph 91, Defendants deny the factual allegations of this paragraph.

92.   Answering paragraph 92, Defendants deny the factual allegations of this paragraph.

93.   Answering paragraph 93, Defendants deny the factual allegations of this paragraph.

94.   Answering paragraph 94, Defendants deny the factual allegations of this paragraph.

95.   Answering paragraph 95, Defendants deny the factual allegations of this paragraph.

96.   Answering paragraph 96, Defendants deny the factual allegations of this paragraph.

97.   Answering paragraph 97, Defendants deny the factual allegations of this paragraph.

98.   Answering paragraph 98, Defendants deny the factual allegations of this paragraph.

99.   Answering paragraph 99, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph.  For that reason, Defendants deny the allegations of this paragraph.

100. Answering paragraph 100, Defendants deny the factual allegations of this paragraph.

101. Answering paragraph 101, Defendants deny the factual allegations of this paragraph.

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

1    102. Answering paragraph 102, Defendants deny the factual allegations of this
2  paragraph.

3    103. Answering paragraph 103, the allegations in this paragraph are legal
4  conclusions.  To the extent this paragraph is construed to contain factual allegations,
5  Defendants deny those allegations.

6    104. Answering paragraph 104, the allegations in this paragraph are legal
7  conclusions.  To the extent this paragraph is construed to contain factual allegations,
8  Defendants deny those allegations.

9                    **SIXTH CLAIM FOR RELIEF**

10           **Violation of EMTALA (42 U.S.C. § 1395dd)**

11   **(Against Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER)**

12    105. Paragraphs 105 through 115 are not made against these answering
13  Defendants and therefore no response is provided by these answering Defendants.

14                  **SEVENTH CLAIM FOR RELIEF**

15           **California Health and Safety Code § 1317**

16   **(Against Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER)**

17    116. Paragraphs 116 through 120 are not made against these answering Defendants
18  and therefore no response is provided by these answering Defendants.

19                   **EIGHTH CLAIM FOR RELIEF**

20                          **Negligence**

21                    **(Against all Defendants)**

22    121. Answering paragraph 121, Defendants incorporate by this reference their
23  responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

24    122. Answering paragraph 122, Defendants deny the factual allegations of this
25  paragraph.

26    123. Answering paragraph 123, Defendants deny the factual allegations of this
27  paragraph.

28

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

124. Answering paragraph 124, Defendants deny the factual allegations of this paragraph.

125. Answering paragraph 125, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

126. Answering paragraph 126, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

127. Answering paragraph 127, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph. For that reason, Defendants deny the allegations of this paragraph.

128. Answering paragraph 128, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph. For that reason, Defendants deny the allegations of this paragraph.

129. Answering paragraph 129, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph. For that reason, Defendants deny the allegations of this paragraph.

### NINTH CLAIM FOR RELIEF

### Bane Act Violation (Civil Code § 52.1)

### (Against All Defendants)

130. Answering paragraph 130, Defendants incorporate by this reference their responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

131. Answering paragraph 131, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

///

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

132. Answering paragraph 132, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

133. Answering paragraph 133, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

134. Answering paragraph 134, Defendants lack sufficient information or belief to admit or deny the allegations of this paragraph. For that reason, Defendants deny the allegations of this paragraph.

135. Answering paragraph 135, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

136. Answering paragraph 136, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

## TENTH CLAIM FOR RELIEF

### Violation of California Public Records Act (Cal. Gov. Code §§ 6250, et seq.)

### (Against Defendant COUNTY)

137. Answering paragraph 137, Defendants incorporate by this reference their responses to paragraphs 21-41 and all subsequent paragraphs in this Answer.

138. Answering paragraph 138, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants admit those allegations.

139. Answering paragraph 139, the allegations in this paragraph are legal conclusions. To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations based on a lack of information or belief.

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

140. Answering paragraph 140, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

141. Answering paragraph 141, San Bernardino County denies that it failed to make documents available for inspection that were requested by Plaintiff.  The remaining allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

142. Answering paragraph 142, Defendants deny the factual allegations of this paragraph.

143. Answering paragraph 142, Defendants deny the factual allegations of this paragraph.

144. Answering paragraph 143, the allegations in this paragraph are legal conclusions.  To the extent this paragraph is construed to contain factual allegations, Defendants deny those allegations.

145. As to Plaintiff's "Prayer for Relief," Defendants deny Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and further deny that Plaintiff or Decedent are entitled to any recovery.

## AFFIRMATIVE DEFENSES

1.    As separate and affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Qualified Immunity)

2.   The claims against the individuals are barred by the doctrine of qualified immunity.

///

///

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Unclean Hands)**

3.    Defendant alleges that Plaintiff's action is barred by reason of conduct, actions and inactions of Plaintiff/Decedent which amounts to and constitutes a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the SAC, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

4.    Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.  She is therefore barred from recovery herein, or in the alternative, should have the damages reduced by the amount attributable to his failure to mitigate.

**FOURTH AFFIRMATIVE DEFENSE**

**(Contributory and/or Comparative Liability)**

5.    Plaintiff's claims are barred or limited by Plaintiff's and/or Decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligent or deliberate actions or omissions.

6.

7.    Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of the Plaintiff's and/or Decedent's wrongful

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S**
**ANSWER TO SECOND AMENDED COMPLAINT**

1   acts and conduct.

2   8.   Plaintiff's damages, if any, were caused by the negligence and/or acts or

3   omissions of parties other than the Defendants, whether or not parties to this action.

4   Plaintiff's damages should therefore be reduced in proportion to the fault

5   attributable to other parties, and to the extent necessary, Defendants may be entitled

6   to partial indemnity from those other parties on a comparative fault basis.

7   9.   Any injury or damages to Plaintiff herein were proximately caused by

8   Decedent's negligence by his failure to exercise ordinary care under the

9   circumstances.  Plaintiff is therefore barred from recovery herein, or, if any state law

10   liability is found on the part of the Defendants, then Plaintiff's recovery shall be

11   reduced on the basis of Decedent's contributory comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

10.   Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person pursuant to Government Code §820.8.

11.   The answering Defendant is informed and believes and thereon alleges that if Plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other Defendants and/or entities or persons other than the answering Defendant.  To the extent that Plaintiff's damages were so caused, any recovery by Plaintiff as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

12.   Defendants are immune from liability for Plaintiff's state law-based claims pursuant to Cal. Gov. Code §§ 815.2 and 820.2 because the acts or omissions

complained of in the Second Amended Complaint were the result of the exercise of discretion vested in public employees acting in the scope of their public employment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Enforcement of Law)

13.   Defendants are immune from liability pursuant to Cal. Gov. Code §§ 815.2 and 820.4 for Plaintiff's state law-based claims because the acts or omissions complained of in the Second Amended Complaint were the result of public employees exercising due care in the execution or enforcement of law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Investigatory Immunity)

14.   To the extent Plaintiff's state law claims are based on alleged injuries or damages Plaintiff contends she occasioned as a result of a County employee instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, Defendants are immune from liability pursuant to Cal. Gov. Code §§ 815.2 and 821.6.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity for Failure to Provide Police)

15.   To the extent Plaintiff's state law claims are based on alleged injuries or damages Plaintiff contends were occasioned as a result of a County employee failing to provide police protection service or failure to provide sufficient police protection services, Defendants are immune from liability pursuant to Cal. Gov. Code § 845.

## TENTH AFFIRMATIVE DEFENSE

### (Immunity for Failure to Arrest or Retain in Custody)

16.   Plaintiff's state law-based claims are barred by Gov. Code § 846 because neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Respondeat Superior)

17.   Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate.  Monell v. Department of Social Services of the City of New York (1978) 436 U.S. 658 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 645-646 (9th Cir. 1991); cf. City of Canton v. Harris, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## TWELFTH AFFIRMATIVE DEFENSE

### (Immunity for Discharge of Mandatory Duties)

18.   To the extent Plaintiff alleges her injuries and/or damages arise from Defendants' failure to perform a mandatory duty imposed by an enactment, Cal. Gov. Code § 815.6 provides the County with immunity because the County's employees exercised reasonable diligence in discharging those duties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

19.   At the time and place referred to in the SAC, and before such event, Decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which Decedent then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.  Because Decedent assumed the risk of his own conduct, Plaintiff's derivative claims are prevented.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

20.   The present action is not brought or maintained in good faith, are patently meritless and frivolous and these Defendants consequently prays an award of all

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S**
**ANSWER TO SECOND AMENDED COMPLAINT**

1  reasonable defense costs, including attorney's fees pursuant to Fed.R.Civ.P. 11 and

2  42 U.S.C. §1988.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

21.  The answering Defendant acted in good faith and did not directly or
indirectly perform any act whatsoever which would constitute a violation of any
right possessed by Plaintiff, or any duties owed to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

22.  Plaintiff fails to state a cause of action against the Defendant for punitive
damages in that punitive damages are not available against a public entity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Disregard of Rights or Deliberate Conduct)

23.  The answering Defendant has never taken any action with a conscious
disregard of Plaintiff's or Decedent's rights and has not engaged in any conduct
with respect to Plaintiff or Decedent which would constitute deliberate or intentional
conduct, nor has the answering Defendant ratified or approved any such act or acts
of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

24.Plaintiff's Second Amended Complaint fails to state facts sufficient to
constitute a cause of action against the answering Defendant.

### NINTEENTH AFFIRMATIVE DEFENSE

### (Single Act Not Policy)

25.  The requisite policy, practice, custom, or usage and/or failure to train to
establish governmental liability under 42 U.S.C. § 1983 may not be proven through

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**

reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Policy Maker)

26.   Plaintiff's claims are barred because the alleged constitutional violations were not ordered by a policy maker for the Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack Of Personal Participation)

27.   Plaintiff's claims are barred by the principles expressed in Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002), requiring personal participation for liability under 42 U.S.C. § 1983.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Training Adequate)

28.   The County of San Bernardino's training was adequate to handle the usual and recurring situations facing its officers and employees and was therefore not deliberately indifferent to Plaintiff's constitutional rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29.   Plaintiff's claims are untimely pursuant to Cal. Code of Civ. Proc. §§ 335.1, 340, 342, and/or Gov. Code §§ 910, et seq., 945.4 and/or 945.6.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Variance from Tort Claim)

30.   The state law claims are barred for Plaintiff's failure to fairly include facts and theories supporting the state law claims in a government claim as required by Cal. Gov. Code § 905, et seq.

///

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

## TWENTY -FIFTH AFFIRMATIVE DEFENSE

### (Collateral Source)

31.   Defendants request that in the event of a judgment in favor of Plaintiff, at a post-trial hearing, the judgment be reduced against these public entity Defendants for collateral course payments paid or obligated to be paid for services or benefits that were provided to or on behalf of Plaintiff prior to commencement of trial, as provided in Cal. Gov. Code § 985.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Public Records Act)

32.   Court is not the proper venue and lacks jurisdiction to decide Plaintiff's Public Records Act claims. Calhoun v. Cruz, No. 2:20-CV-2209 DB P, 2022 WL 1527401, at *1 (E.D. Cal. Apr. 26, 2022).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Immunity Of Employee)

33.   Defendant County is not liable for any act or omission where its employees are immune from liability pursuant to Government Code §815.2

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Immunity for Failure to Enforce Law)

34.   Defendants are not liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce the law pursuant to Government Code §§ 818.2, 821.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Diagnose Mental Illness)

35.   Defendants are immune for their failure to diagnose or treat mental illness pursuant to Government Code §§ 855.6 and 855.8 and for failure to admit a person to a medical facility pursuant to Government Code §856.4.

///

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S ANSWER TO SECOND AMENDED COMPLAINT**

## THIRTIETH  AFFIRMATIVE DEFENSE

### (Unknown Claims)

36.   Because Plaintiff's Second Amended Complaint is couched in conclusory terms, the Answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, Defendants expressly reserves the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

WHEREFORE, Defendants prays that Plaintiff takes nothing by way of the Second Amended Complaint and that Defendants herein recover its attorney's fees, costs and such other and further relief as the Court may deem just and proper.

DATED:  December 22, 2022

**LYNBERG & WATKINS**
A Professional Corporation

By: _____

**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and
BREANA FITE

**DEFENDANTS COUNTY OF SAN BERNARDINO AND BREANA FITE'S
ANSWER TO SECOND AMENDED COMPLAINT**