SHANNON L. GUSTAFSON (SBN228856)
Email: sgustafson@lynberg.com
AMY R. MARGOLIES (SBN283471)
Email: amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and BREANA FITE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BREUNIG, individually and as successor-in-interest to BRET BREUNIG,<br><br>                           Plaintiff,<br><br>          vs.<br><br>COUNTY OF SAN BERNARDINO,  a public entity, BREANA FITE, individually; LOMA LINDA UNIVERSITY MEDICAL CENTER, California a Nonprofit Corporation; DOE HEALTH CARE PROFESSIONALS, individuals and DOES 1-10, individuals,<br><br>                           Defendants. | LEAD CASE NO. 5:22-CV-01306-DSF-MAR<br>*Consolidated with: 5:22-CV-02135-DSF-MAR*<br><br>*Assigned for All Purposes to:*<br>*Hon. Judge Dale S. Fischer–*<br>*Courtroom 7D*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF KENNETH BREUNIG'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>Date:        March 13, 2023<br>Time:        1:30 p.m.<br>Dept.:        7D<br><br>*Trial Date:   01/09/2024*<br><br>*Complaint filed: 12/14/2022* |

1
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 13, 2023 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendants COUNTY OF SAN BERNARDINO and BREANA FITE (collectively, "County Defendants" or "Defendants") will, and hereby do, move this Court for an order dismissing and/or striking portions of Plaintiff KENNETH BREUNIG'S Complaint ("Complaint") against them pursuant to <u>Fed. R. Civ. Proc.</u> 12(f) and 12(b)(6).

County Defendants bring this Motion on each of the following grounds:

1.      Plaintiff KENNETH BREUNIG has not established that he is the proper successor-in-interest to Plaintiff BRET BREUNIG's Estate and therefore lacks standing.

2.      Plaintiff's state law claims are untimely as he has failed to timely submit a tort claim and further failed to plead compliance with the Tort Claims Act.  <u>See</u> <u>Government Code</u> § 910; <u>*Willis v. Reddin,*</u> 418 F.2d 702, 704 (9th Cir.1969); <u>*Briggs*</u> <u>*v. Lawrence,*</u> 230 Cal.App.3d 605, 613; 281 Cal.Rptr. 578 (1991); Cal. <u>Gov't. Code</u> §§ 950.2, 950.6, 911.2; <u>Fed. R. Civ. Proc.</u> 12(b)(6).

3.      Plaintiff's Claim Two for Interference with Familial Relations – 42 USC § 1983 is improperly asserted by Plaintiff as successor-in-interest. <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

4.      Plaintiff's remaining Section 1983 claims are improperly asserted by Plaintiff as an individual.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

5.      Plaintiff, in addition to failing to comply with the Tort Claims Act, also fails to plead sufficient facts to state a claim in his Tenth Cause of Action for violation of the Bane Act.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 8 and 12(b)(6).

///

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

1   Defendants' Motion is based on this Notice, the Memorandum of Points and
2   Authorities, Plaintiff's Complaint, and upon such other and further matters as may
3   properly come before the Court.  Pursuant to Local Rule 7-3, this Motion is filed
4   following meet and confer efforts with Plaintiff's counsel on December 29, 2022.
5   Accordingly, the Defense prays that this Court hear and decide the issues raised
6   herein.

7

8   DATED: February 3, 2023                    **LYNBERG&WATKINS**
                                               A Professional Corporation
9

10

11                              By: */s/ Amy R. Margolies*
                                    **SHANNON L. GUSTAFSON**
12                                  **AMY R. MARGOLIES**
                                    Attorneys for Defendants,
13                                  COUNTY OF SAN BERNARDINO, and
                                    BREANA FITE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3**
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiff KENNETH BREUNIG, individually, and as purported successor-in-interest to his son Bret Breunig ("Decedent") brings this Complaint against Defendants COUNTY OF SAN BERNARDINO, Deputy BREANA FITE (collectively "County Defendants" or "Defendants"), LOMA LINDA UNIVERSITY MEDICAL CENTER, DOE HEALTH CARE PROFESSIONALS, individuals and DOES 1-10, following Decedent's death from being struck by a train.  (Complaint, ¶ 2.)  Plaintiff contends Decedent's death was the result of inadequate treatment at the Loma Linda Medical Center (Id. ¶ 19), law enforcement's forcible removal of Decedent from the hospital (Id. ¶ 20), and law enforcement's failure to properly care for Decedent after his removal. (Id. ¶ 31.)

Plaintiff asserts 10 causes of action[1] yet fails to state in which capacity he brings each claim, whether as an individual or on behalf of the Estate of Bret Breunig as successor-in-interest.  To begin, Plaintiff does not have standing to bring any claim on behalf of the Estate as he has failed to file a proper statement pursuant to Cal. Civ. Proc. Code § 377.32.  Secondly, Plaintiff's state law claims, Claim Nine (Negligence) and Claim Ten (Bane Act) fail to plead compliance with the Tort Claims Act.  Thirdly, Plaintiff as successor-in-interest is not a proper party to Claim Two (Interference with Familial Relations – 42 USC § 1983).  Fourthly, Plaintiff as an individual is not a proper party to five of his 42 U.S.C. § 1983 claims, specifically Claim One (Failure to Protect – 42 USC § 1983), Claim Three (Substantive Due Process State Created Danger – 42 USC § 1983), Claim Four – Substantive Due Process Special Relationship – 42 USC § 1983, and, Claim Five Municipal Liability Failure to Train – 42 USC § 1983).  Fifthly, even if Plaintiff had timely filed his state law claims,

---

[1] Plaintiff's Seventh and Eighth Causes of Action are not brought against these County Defendants and therefore are not addressed in this Motion.

**4**
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

1   Plaintiff as an individual is not a proper party to Plaintiff's Claim Ten (Bane Act) as

2   he has not alleged facts concerning *his rights* being infringed upon by "threat,

3   intimidation, or coercion," along with the requisite "specific intent."

4       Accordingly, for the reasons set forth in further detail below, Defendants

5   respectfully request that its Motion be granted as prayed.  See, Fed. R. Civ. Proc. 8,

6   12f, 12(b)(6).

7   **II.    ARGUMENT**

8       **A. Plaintiff Kenneth Breunig Does Not Have Standing to Bring Claims**

9           **on Behalf of the Estate of Bret Breunig**

10      Initially, all claims brought by Plaintiff Kenneth Breunig on behalf of Decedent

11  as Decedent's purported successor-in-interest must be dismissed as Plaintiff has failed

12  to file a proper statement pursuant to Cal. Civ. Proc. Code § 377.32.  Cal. Civ. Proc.

13  Code § 377.32 ("The person who seeks to commence an action or proceeding or to

14  continue a pending action or proceeding as the decedent's successor in interest under

15  this article, shall execute and file an affidavit or a declaration...."); see also, Dillard v.

16  Curtis, 2004 U.S. Dist. LEXIS 22926, at *21 (N.D. Cal. 2004) ("Although Code of

17  Civil Procedure 377.32 is a rule of California (not federal) procedure, it seems to set

18  a minimum threshold below which a person claiming to be a 'successor in interest'

19  should not be permitted to slip, particularly where, as here, the decedent apparently

20  left no will and there is no estate (other than potential damages from the present

21  lawsuit) that will be subject to probate."); Isayeva v. Cty. of Sacramento, 2014 U.S.

22  Dist. LEXIS 62063, at *6 (E.D.Cal. 2014) ("To prosecute an action as a successor in

23  interest under state law, the California Code of Civil Procedure requires a declaration

24  containing specified information."). It is plaintiff Sandoval's burden to prove she

25  meets the state's requirements for bringing a survival action, and she simply has not

26  met her burden of proof.  See, Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d

27  365, 369 (9th Cir.1998).

28

1    Plaintiff states in his Complaint that "has the superior right to bring this lawsuit
2  as an individual and as a successor-in-interest pursuant to California Code of Civil
3  Procedure §§ 377.11,377.30." (Complaint, ¶ 6) but as of the date of this
4  correspondence, and despite meet and confer efforts, the Court docket does not reflect
5  that Plaintiff has filed the appropriate documents required by Cal. Code of Civ. Proc.
6  § 377.32.  Further Ms. Deborah Moller, Decedent's purported biological mother, has
7  already filed a lawsuit as the successor-in-interest with the appropriate declaration,
8  purportedly because she possesses a superior right. (See, Dkt. 1, pg. 31 Declaration of
9  Deborah Moller.)  Because Plaintiff Breunig has not filed the appropriate declaration
10  and has not established standing to sue as Decedent's successor-in-interest, the Estate
11  must be dismissed as a party for lack of standing.  See, Fed. R. Civ. Proc. 12(b)(6);
12  Isayeva v. Cty. of Sacramento, 2014 U.S. Dist. LEXIS 62063, at *5-7 (E.D.Cal. 2014).

13    **B. Plaintiff Has Not Pled, Nor Can He Plead, Compliance with the Tort**
14    **Claims Act**

15    Plaintiff's state law claims against the County, Claim Nine (Negligence) and
16  Claim Ten (Bane Act) fail to plead compliance with the Tort Claims Act.  Failure to
17  timely submit a tort claim and plead compliance therewith bars any claims under state
18  law.

19    Specifically, before a person can sue a public entity for money damages, he or
20  she must first file a government claim.  See Government Code §910 et seq.; Willis v.
21  Reddin, 418 F.2d 702, 704 (9th Cir.1969); Briggs v. Lawrence, 230 Cal.App.3d 605,
22  613; 281 Cal.Rptr. 578 (1991); Cal. Gov't. Code §§ 950.2, 950.6.  The government
23  claim must be filed or presented to the public entity no later than six months after the
24  cause of action accrues.  California Government Code § 911.2.

25    Further, a plaintiff "must ***allege facts*** demonstrating or excusing compliance
26  with the claim presentation requirement."  State of California v. Superior Court
27  (Bodde), 32 Cal.4th 1234, 1243; 13 Cal.Rptr.3d 534; 90 P.3d 116 (2004)(emphasis

28

**6**
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

added)*;* <u>Mangold v. California Public Utilities Commission</u>, 67 F.3d 1470, 1477 (9th Cir.1995); <u>see also</u>, <u>McDaniel v. Diaz</u> USDC, E.D. CA, (2020) WL 7425348 at 27-30).  Nowhere in Plaintiff's Complaint does he plead that he complied with or is excused from complying with, the Tort Claims Act and for this reason alone these claims must be dismissed.[2]

Moreover, <u>Government Code</u> § 950.2 states, "[e]xcept as provided in <u>Section 950.4</u>, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with <u>Section 900</u>) of this division or under Chapter 2 (commencing with <u>Section 945</u>) of Part 4 of this division.  This section is applicable even though the public entity is immune from liability for the injury."

Therefore, if the claim would be barred against the public entity, as it is here, it is likewise barred as against the public employees, here individual Defendant Breanna Fite.

Further, we are well past the six-month mark of this incident and therefore if Plaintiff submitted a tort claim now it would be untimely and therefore these claims should be dismissed without leave to amend.

### C. <u>Plaintiff's Claims as Successor-in-Interest and as Individual Fail Depending on the Claim</u>

#### 1.  **Plaintiff lacks standing to bring claims as a successor-in-interest.**

Plaintiff's Complaint states that he "has the superior right to bring this lawsuit as an individual and as a successor-in-interest pursuant to California <u>Code of Civil</u>

---

[2] Plaintiff has likely omitted these facts because counsel is well aware that the tort claim he presented was rejected on March 8, 2022, and he did not file a lawsuit within the required six-month time frame of the rejection, as such any attempt by Plaintiff to plead compliance would be subject to FRCP Rule 11.

Procedure §§ 377.11, 377.30" (Complaint, ¶ 6).  However, Plaintiff does not identify in any cause of action whether he brings the specific claim as successor-in-interest or as an individual.  For example, in Claim One, Plaintiff merely states that "Plaintiff re-alleges and incorporates by reference each of the forgoing paragraphs with the same force and effect as if fully set forth herein."  (Complaint, ¶34.)  And, at the end of the claim, Plaintiff merely states that Defendants "are liable to Plaintiff for…"] (Complaint, ¶ 43).  Same is true in Claims 2-10; Plaintiff is silent as to what capacity Plaintiff brings each claim.  (See, Complaint generally.)

It is clear that at least some of the claims asserted are intended to be brought by Plaintiff as successor-in-interest.  Yet, as far as County Defendants are able to ascertain, Plaintiff has not executed nor filed a successor-in-interest statement as required by Code of Civil Procedure § 377.32 for asserting a survivorship action.  See, Code Civ. Proc. § 377.30 et seq.  Indeed, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action, and that the plaintiff meets that state's requirements for bringing a survival action."  Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir.1998) (citation omitted).  In California, a successor-in-interest who "seeks to commence an action or proceeding" on behalf of a decedent "shall execute and file an affidavit" that conforms with the enumerated requirements of § 377.32(a).  See, Wishum v. California, No. 14–cv–1491–JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation.").  Accordingly, to the extent that Plaintiff is asserting claims as a successor-in-interest they must be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).

///

///

///

### 2. Plaintiff as successor-in-interest is not a proper party to Claim Two – Interference with Familial Relations – 42 USC § 1983.

Plaintiff KENNETH BREUNIG as successor-in-interest is not a proper party to Plaintiff's Claim Two under Section 1983 for Interference with Familial Relations even had a successor-in-interest declaration been filed.  Plaintiff's Second Claim for relief for Interference with Familial Relations, to the extent it is being asserted on behalf of the Estate of Bret Breunig, is subject to dismissal.  *Prior to dying*, Decedent did not have a "substantive due process" claim for alleged interference with his familial relationship with his father.  Accordingly, there is no "survivorship" theory applicable to this claim.  The only proper party to this claim should be Plaintiff KENNETH BREUNIG individually.

### 3. Plaintiff as an individual is not a proper party as to Claims One, Three, Four, and Six under Section 1983.

As mentioned above, Plaintiff's claims do not set forth what capacity Plaintiff brings each claim.  To the extent Plaintiff's Section 1983 claims are brought on behalf of Plaintiff as an individual, with the exception of Claim Two (Familial Relations – 42 USC § 1983) discussed above, they must be dismissed, specifically Claim One (Failure to Protect – 42 USC § 1983); Claim Three (Substantive Due Process State Created Danger – 42 USC § 1983), Claim Four – Substantive Due Process Special Relationship – 42 USC § 1983; and, Claim Five Municipal Liability Failure to Train – 42 USC § 1983). Section 1983's constitutional rights are personal to the individual and may not be asserted by a third party.  See e.g., Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (children of decedent could not maintain personal causes of action on theory that Fourth Amendment had been violated because "[t]he children were not directly subjected to the excessive use of state force and therefore cannot maintain personal causes of action under section 1983 in reliance on this

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

Fourth Amendment theory."); <u>see also</u> <u>Alderman v. United States</u>, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.").  Further, § 1983 is not a wrongful death statute and does not provide for wrongful death damages.  <u>See</u>, <u>Hernandez</u>, <u>supra</u>, 2020 WL 3101041, at *3 ("[T]here is no 'wrongful death' claim under § 1983.") (citing <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1164); <u>A.B.</u>, <u>supra</u>, 2019 WL 1578380, at *6 ("'[C]ase law is clear that only survivor action may be brought pursuant to 42 U.S.C. § 1983.'")(quoting <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1165).

### 4. Plaintiff individually is not a proper party to Claim Ten – Bane Act.

In addition to being subject to dismissal for failing to comply with the Tort Claims Act, Plaintiff's Tenth Claim must be dismissed as Plaintiff KENNETH BREUNIG cannot bring this Bane Act claim as an individual. Plaintiff simply has not alleged *facts* concerning *his rights* being infringed upon by "threat, intimidation, or coercion," along with the requisite "specific intent."  As such, this cause of action is insufficiently pled and must be dismissed as to Plaintiff in his individual capacity. <u>See</u>, <u>Bay Area</u>, <u>supra</u>, 38 Cal.App.4th at 144 ("[The Bane Act] is limited to plaintiffs who themselves have been the subject of violence or threats."); <u>Bresaz</u>, <u>supra</u>, 136 F.Supp.3d at 1137 ("[A] party lacks standing to bring a claim under the Bane Act when the party does not claim to have *personally suffered* a violation of a constitutional or statutory right.") (emphasis original). There are no facts to establish that Plaintiff KENNETH BREUNIG'S rights were violated through threats, intimidation or coercion.  Plainly "[t]he Bane Act is simply not a wrongful death provision."  <u>See</u>, <u>Bay Area</u>, <u>supra</u>, 38 Cal.App.4th at 144.

Even if Plaintiff had standing to pursue this claim as successor-in-interest for Bret Breunig, Plaintiff has still failed to plead the necessary facts to prove that decedent's rights with the necessary specific intent through threats, intimidation or

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF KENNETH BREUNIG'S COMPLAINT**

coercion. <u>Reese</u>, <u>supra</u>, 888 F.3d at 1045 (recognizing a Bane Act claim under <u>Civil Code</u> § 52.1 must include allegations of "specific intent" that the defendants "intended not only the force, but [also] its unreasonableness."); <u>A. B.</u>, <u>supra</u>, 2019 WL 1578380, at *5 (granting Rule 1b(b)(6) motion to dismiss where plaintiffs "do not allege that Defendants acted with a specific intent to use unreasonable force against Decedent, or to violate his constitutional rights."); <u>accord</u> <u>Searcy</u>, <u>supra</u>, 177 Cal.App.3d at 802 ("[In order] to state a cause of action [for government tort liability], ***every fact*** essential to the existence of a statutory liability ***must be pleaded with particularity***….") (emphasis added).

For the foregoing reasons, Plaintiff's Tenth Cause of Action should be dismissed.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion as prayed and dismiss and/or strike Plaintiff's Complaint pursuant to <u>Fed. R. Civ. Proc.</u> 12(b)(6) and 12 (f).

DATED: February 3, 2023

By:   */s/ Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO and
BREANA FITE

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF KENNETH BREUNIG'S COMPLAINT**