SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO
and BREANA FITE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MOLLER., an individual and successor-in-interest of BRET BREUNIG, deceased;<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, a public entity; UNIDENTIFIED DEPUTIES, individuals; CITY OF REDLANDS, a public entity; UNIDENTIFIED OFFICERS, individuals; LOMA LINDA UNIVERSITY MEDICAL CENTER, a non-profit corporation; UNIDENTIFIED HEALTH CARE PROFESSIONALS, individuals; and KENNETH BREUNIG, a nominal Defendant,<br><br>    Defendants. | Case No.: 5:22-cv-01306-DSF-MAR<br><br>**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**<br><br>Action Filed:  July 27, 2022<br>Pretrial Conf.:  July 22, 2024<br>Trial Date:     August 13, 2024 |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

**TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

As requested by the Court, the parties hereby submit the list of objected to exhibits with a proffer by the party as to why the exhibit is admissible.

| No. | Description | Objection | Proffer of Admissibility or Stipulation |
|---|---|---|---|
| 1 | CAD Log LL212300024 | | **Stipulated As Not Admissible**- This exhibit is not admissible as both parties object to its admission into evidence. |
| 2 | CAD Log LL212300035 | Π- Hearsay, 403 | Δ Proffer- Exception to Hearsay-  FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made by dispatcher and Fite at or near the time of incident, kept in regular course of business and Fite can testify to same.  Fite does not have to have made all of the entries to testify as to how the record is created in the course of business. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | Non Hearsay- Admissible to establish Fite's knowledge of information conveyed to her which informed her actions.<br><br>403- Document is relevant as it sets forth why Fite was dispatched and what actions were taken during the call.<br><br>Π Response-This document is hearsay and inadmissible for the same reasons as Exhibits 1 and 3. While Defendant Fite can testify regarding this document, the document itself is inadmissible and not created by Defendant Fite which would allow it to be admissible. |
|---|---|---|---|
| 3 | CAD Log<br>LL212300035 | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 4 | Google Map—Cardinal Ct. aerial view | | Stipulated- Admissible when witness provides context for exhibit. |
|---|---|---|---|
| 5 | Google Map—13249 San Timoteo Canyon Road street view | Δ- Lacks Foundation, Relevance, FRE 403 | Π Proffer-the photograph correctly depicts the location regardless of a view of a witness.<br>Δ Response- Photograph is extremely misleading as it is taken form a view that no witness had. |
| 6 | Audio Belt Recording—Deputy Fite (audio file) | | Stipulated- Admissible when witness provides context for exhibit. |
| 7 | Redlands Police Department Interview (audio file) | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |
| 8 | Deputy Fite Internal Affairs Interview (audio file) | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |
| 9 | Google Map—2128 Alessandro Road street view | | Stipulated- Admissible when witness provides context for exhibit. |

- 4 -
**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 10 | Google Map—2129 Alessandro Road street view | | Stipulated- Admissible when witness provides context for exhibit. |
|---|---|---|---|
| 11 | Google Map—2129 Alessandro Road forward street view | | Stipulated- Admissible when witness provides context for exhibit. |
| 12 | Google Map—2129 Alessandro Road side street view | | Stipulated- Admissible when witness provides context for exhibit. |
| 13 | Google Map—2129 Alessandro Road street view Marked | Δ- Lacks Foundation, Not Authenticate, Relevance, FRE 403 | Π Proffer-Defendant Fite annotated and authenticated this photograph in her deposition<br><br>Δ Response- Improper annotation on exhibit that is not authenticated |
| 14 | Google Map—path of travel | Δ-Lacks Foundation, Not Authenticate, FRE 403 Hearsay | Π Proffer- These facts are judicially noticeable as this accurately depicts the route and any issues of the drive time can be redacted.<br><br>Δ Response- Map does not set forth accurate route and also sets forth a drive time of 16 minutes without any support, |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | Drive time is a hearsay statement with no exception. Additionally, placement of the drive time and total mileage is misleading as it leaves appearance that the drive time and mileage from Redlands Community Hospital and Alessandro Road is 6.9 miles and 16 minutes.  Defendants do not have an objection to showing a map of the area but the annotations are not proper. |
| 15 | Google Photo (Deposition of Joseph Miller) | | | Stipulated- Admissible when witness provides context for exhibit. |
| 16 | Loma Linda University CAD Report (Deposition of Joseph Miller & Mary Matlean) | Π- Hearsay | | Δ Proffer- This document should be admissible in redacted form that only sets forth the last entry which refers to Loma Linda Security's contact with Breunig on the lawn. Exception to Hearsay-  FRE 802 (6)- Records of a Regularly Conducted activity. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | Entries were made by dispatcher at or near the time of incident, kept in regular course of business and can be authenticated through witness Matlean or Miller

Non Hearsay- information obtained by Miller that led to Fite arrival, may also be used to refresh recollection of Miller about nature of call if needed.

Π Response-This document is hearsay and inadmissible for the same reasons as Exhibits 1 and 3. Matlean and Miller did not create this document and therefore cannot authenticate it. Miller using this document to refresh his recollection does not make the document admissible. |
| --- | --- | --- | --- | --- |
| 16A | Second Amended Deposition Notice of | | | **Stipulated As Not Admissible - This exhibit is not admissible** |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | County 30(b)(6) (Deposition of Frank Hardin) | | as both parties object to its admission into evidence. |
| 17 | Google Maps— Anderson St. and Prospect Ave. aerial view | | Stipulated- Admissible when witness provides context for exhibit. |
| 18 | Google Maps— Anderson St. and Prospect Ave. aerial view marked | | Stipulated- Admissible when witness provides context for exhibit. |
| 19 | LLUMC record 00048 | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |
| 20 | LLUMC record 00040 | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |
| 21 | Google Maps—11201 Anderson St. street view | | Stipulated- Admissible when witness provides context for exhibit. |
| 22 | 911 Call by Mary Matlean to Dispatch (audio file) (Deposition of Mary Matlean) | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |

- 8 -

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| 22A | Deposition Notice of County 30(b)(6) (Deposition of Shelby Moore) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 23 | February 6, 2018 County Booking Jacket | Π- Hearsay, Relevance, FRE 403 | Δ Proffer- Exception to Hearsay-  FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by Custodian of Records at San Bernardino if needed. 403-  Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | Also drug history relevant and relied upon by Defense toxicology expert in evaluating Breunig tolerance. Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document admissible as only wrongful death damages are at issue, not survival damages of her son. |
|---|---|---|---|---|
| 24 | February 6, 2018 Booking (Inmate Status Document) | Π- Hearsay, Relevance, FRE 403 | | Δ Proffer- Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by Custodian of Records at San Bernardino if needed. 403- Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost.<br><br>Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document admissible as only wrongful death damages are at issue, not survival damages of her son. |
| 25 | April 11, 2017 Booking (Inmate Status Document) | Π- Hearsay, Relevance, FRE 403 | | Δ Proffer- Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | Custodian of Records at San Bernardino if needed. 403- Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost.<br><br>Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document admissible as only wrongful death damages are at issue, not survival damages of her son. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 26 | August 16, 2018 Booking (Original Charges Document) | Π- Hearsay, Relevance, FRE 403 | Δ Proffer- Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by Custodian of Records at San Bernardino if needed. 403- Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost. Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | admissible as only wrongful death damages are at issue, not survival damages of her son. |
|---|---|---|---|
| 27 | Coroner Report (Autopsy) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 28 | Death Certificate | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 29 | Birth Certificate | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 30 | Hodge Interview (Audio File) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 31 | Wrongful Death Damages Video (Video File) | Δ- Relevance, 403 | Π Proffer-The video depicts Plaintiff with her son and her loss of love, companionship, comfort care, assistance, protection, affection, society, |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | and moral support near the time of his death. |
| | | | | Δ response-  Video is of decedent and unknown child, does not depict Deborah Moller and therefore no relevance to Deborah Moller claim regarding loss of relationship with son |
| 32 | Wrongful Death Damages Photographs | Δ- Relevance, FRE 403 | | Π Proffer-The photographs depict Plaintiff's loss of love, companionship, comfort care, assistance, protection, affection, society, and moral support with her son's passing. Δ response-  Defendants do not object to certain photographs or cards coming in if relate to Plaintiff's damages as testified to by Plaintiff.  However, Defendants maintain objection to reserve right to object to entirety of this exhibit coming in. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 33 | Photographs of Brett Breunig on scene | Δ- Relevance, FRE 403, already excluded | Π Proffer-Page 15 accurately depicts Plaintiff's surgical right foot without showing any other evidence of gruesomeness. Any evidence of gruesomeness claimed by Defendants can be redacted.<br><br>Δ- Gruesome photographs of crime scene have already been specifically excluded by the Court as not relevant and unduly prejudicial under 403. Photograph 15 clearly shows that Mr. Breunig's other limb is bloody with his foot missing. This is an attempt to get around the Court's order on Motion in Limine #2 to exclude reference to dismemberment by showing a photograph of a dismembered foot and significant blood. If the Court is to consider use of this photo at all it should be cropped in a manner that only shows Mr. Breunig's foot and |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | surgical scar without his missing leg, which Defendant still maintains is unduly prejudicial given the blood and the absence of a witness to testify the foot looked the same pre and post mortem. |
| 35 | Complete LLUMC Medical Records, Bret Breunig | | Stipulated-  This exhibit is not admissible as both parties object to its use. Defendants do not intend to admit exhibit but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions. |
| 36 | Complete LLUMC Medical Records, Brett Brenit | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Defendants do not intend to admit exhibit but will be testimony to extent the record was relied upon by Defense |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions. |
| 37 | Complete Arrowhead Regional Medical Records | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. <br><br> Defendants do not intend to admit exhibit but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions. |
| 38 | Redlands Police Department File | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Δ- Defendants maintain that the entire Redlands investigation should not be admitted as it contains multiple layers of hearsay and other |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | information that has been excluded.  However, there may be a need to refer to a particular report to refresh recollection or address a dispute at trial in which case it can be addressed with Court and counsel. |
| 39 | AMR Ambulance Report August 16, 2021 | | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 40 | GPS Audit | | | Stipulated- Admissible when witness provides proper context for exhibit |
| 41 | GPS Audit Map | Δ- Lacks Foundation, Relevance, FRE 403 | | Π Proffer-With the GPS audit produced by Defendants in discovery and marked as Exhibit 40, this map depicts all of the GPS points identified in the GPS audit. This accurately depicts the route of Defendant Fite based upon the GPS information from her vehicle. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | Δ response-  Appears to be a google overhead with data points from GPS audit. However, the data points include places not relevant to this case and are placed in a manner that they are extremely confusing and misleading. Plaintiff does not have a witness to testify as to method and manner that this document was prepared to verify the data points or explain what they depict and at what time to avoid confusion over this document during jury deliberations. |
| 42 | County Admin Investigation re: Fite (County 00358-398) | | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| | | | | |
| 53 | Coroner Investigation | | | **Stipulated As Not Admissible** -  This exhibit is not admissible |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | as both parties object to its admission into evidence.<br><br>Defendants do not intend to admit exhibit but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's reaction to drugs. |
|---|---|---|---|---|
| 54 | Scene Photographs | Δ-FRE 403 to page 54-2 | Π Proffer- The crime scene tape does not rise to the level of unfair prejudice contemplated in FRE 403.<br>Δ- No objection to the photograph that does not have crime scene tape or markings on ground, other photograph would not depict train track prior to incident and is irrelevant | |
| 55 | Google Map—location of incident to Redlands Community Hospital 2.8 miles | Δ-Lacks Foundation, Not Authenticate, FRE 403, Hearsay | Π Proffer-The map accurately depicts the path from the location where Deputy Fite dropped Decedent off and Redlands Community Hospital. The time can be redacted. | |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | Δ Response- Map sets forth a drive time of 7 minutes without any support, Drive time is a hearsay statement with no exception. |
| 56 | Arrowhead Regional medical records full | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Defendants do not intend to admit exhibit but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions. |
| 67 | Google Map—LLUMC aerial map | Δ-Lacks Foundation, Not Authenticate, FRE 403, Hearsay | Π Proffer-The walk time can be redacted.<br><br>Δ -Response- Map sets forth a walk time in minutes and a route without any support which is a hearsay statement with no exception. No evidence |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | that anybody walked this exact route and is therefore not relevant. |
| 68 | Google Map-LLUMC | Δ-Lacks Foundation, Not Authenticate, FRE 403, Hearsay | Π Proffer- The walk time can be redacted.<br><br>Δ -Response- Map sets forth a walk time in minutes and a route without any support which is a hearsay statement with no exception. No evidence that anybody walked this exact route and is therefore not relevant. |
| 69 | Mapquest-LLUMC | Δ-Lacks Foundation, Not Authenticate, FRE 403, Hearsay | Π Proffer-The walk time can be redacted.<br><br>Δ Response- Map sets forth a walk time in minutes and a route without any support which is a hearsay statement with no exception. No evidence that anybody walked this exact route and is therefore not relevant. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 70 | Mapquest-LLUMC | Δ-Lacks Foundation, Not Authenticate, FRE 403, Hearsay | Π Proffer-The walk time can be redacted.<br><br>Δ Response- Map sets forth a walk time in minutes and a route without any support which is a hearsay statement with no exception. No evidence that anybody walked this exact route and is therefore not relevant. |
|---|---|---|---|
| | | | |
| 201 | *Transcript of Deputy Fite Belt Recording | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence.** |
| 202 | Deputy Fite Belt Recording Audio with Transcript Synced | | Stipulated- Admissible when witness lays proper context. |
| 203 | *Call Intake-  Audio, County 0005 | | **Stipulated As Not Admissible -  This exhibit is not admissible as both parties object to its admission into evidence** |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| 204 | *Call Intake Transcript | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 205 | Call Intake Audio with Transcript Synced | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence Plaintiff has included dispatcher Loma Linda Mary Matlean on her witness list.  To the extent that Ms. Matlean is called as a witness and is questioned about what she conveyed to Sheriff's dispatch Defendants may request to use this recording to address that testimony. |
| 206 | Dispatch A-  Audio, County 0006 | Π- Hearsay, FRE 403 | Δ Proffer- only the first 15 seconds of this exhibit are relevant, and Defendant can create an Exhibit 206A that |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | only includes the relevant portion. |
| | | | As to these 15 seconds: Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. This is recording of what was communicated by dispatcher to Fite on date of incident, recorded and kept in regular course of business and Fite can testify to same. |
| | | | Non Hearsay- Admissible to establish Fite's knowledge of information conveyed to her which informed her actions. Plaintiff concedes that Deputy Fite can testify as to what she was told. Defendants seek to play these 15 seconds so that the jury can hear the information so that Deputy Fite's credibility is not challenged on this point. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | 403- Document is relevant as it sets forth why Fite was dispatched and what information she had available upon arrival. The recording is 15 seconds, highly relevant and not an undue consumption of time.<br><br>Π Response- As Defendant's proffer states, Defendant Fite can testify to this. Having the audio exhibit admitted into evidence is hearsay and violates FRE 403. |
| 207 | Dispatch C- Audio, County 0008 | Π- Hearsay, FRE 403 | | Δ- - only the end of the recording is relevant to this incident from 7:53 seconds to the end at 9:16 seconds, and Defendant can create an Exhibit 207A that only includes the relevant portion. As to the portion of the recording from 7:53 to 9:16 seconds: |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. This is recording of what was communicated by dispatcher to Fite on date of incident, recorded and kept in regular course of business and Fite can testify to same.<br><br>Non Hearsay- Admissible to establish Fite's knowledge of information conveyed to her which informed her actions. As admitted by Plaintiff, Deputy Fite can testify as to what she heard. The jury should likewise be able to hear that same information, otherwise Deputy Fite's credibility as to what she was told can be challenged.<br><br>403- Recording is relevant as it sets forth what information the dispatcher conveyed to |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | Deputy Fite about Breunig's criminal history while at Loma Linda.  The recording is very brief, will not be an undue consumption of time and is highly relevant.<br><br>Π Response- As Defendant's proffer states, Defendant Fite can testify to this. Having the audio exhibit admitted into evidence is hearsay and violates FRE 403. |
| 208 | *Detailed History for Police Inc. # CO212300045, County 00010-0011 | Π- Irrelevant, Hearsay, FRE 403 | | Δ Proffer- Exception to Hearsay-  FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made by dispatcher at or near the time of incident, kept in regular course of business and Coroner Inv. McCarthy can testify to same. |

- 29 -

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | 403- Document is relevant as it sets forth when the Sheriff's Department Coroner's office was first notified of Mr. Breunig's death as Defendants anticipate Plaintiff will argue Deputy Fite was aware of Mr. Breunig's death even before the Sheriff's Department was notified. Π Response-This is a CAD log was created after Decedent had passed. It constitutes hearsay and is inadmissible under FRE 403. |
| 209 | *4-11-17 Booking Jacket, County00462-00491 | Π- Hearsay, Lacks Foundation, FRE 403 | | Δ Proffer- Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by Custodian of Records at San Bernardino if needed. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | 403- Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost. Defendants do not intend to admit exhibit for this purpose but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions.

Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH
OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | admissible as only wrongful death damages are at issue, not survival damages of her son. |
|---|---|---|---|
| 210 | *8-16-21 Booking Jacket, County00494-County00506 | Π- Hearsay, Lacks Foundation, FRE 403 | Δ Proffer- Exception to Hearsay- FRE 802 (6)- Records of a Regularly Conducted activity. Entries were made at or near time of booking for Mr. Breunig and can be authenticated by Custodian of Records at San Bernardino if needed. 403- Defendants will likely not seek to admit this exhibit in whole or in part unless Ms. Moller denies knowledge of decedent's arrest history. Defendants should be permitted to use exhibit to question Ms. Moller about her knowledge of son's history as it goes to quality of the relationship that was lost. Defendants do not intend to admit exhibit for this purpose |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | but will be testimony to extent the record was relied upon by Defense toxicologist in evaluating Breunig's tolerance based on drug use history in forming opinions.<br><br>Π Response- The document itself is not admissible as it is hearsay and violates 403. However Ms. Moller testifies about her son's history does not make this document admissible as only wrongful death damages are at issue, not survival damages of her son. |
| 211 | *Breunig, Bret 2108300524 booking medical, County00508-County00533 | | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. However, Defendants reserve the right to request to use this exhibit to the extent the Court finds that Plaintiff may offer testimony about Mr. Breunig's |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | injuries and alleged inability to ambulate.  Defendants dispute relevancy of the medical records for this purpose, but should they be admitted, Defendant should be permitted to counter with contrary records. |
| 212 | *8-17-21 Detailed History for Police Inc# LL212290007, County00537-County00539 | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. However, Defendant maintains the CAD report is not hearsay pursuant to FRE 802(6) and Defendants reserve right to request admission depending on testimony offered by Moller and/or medical witnesses regarding Mr. Breunig's conduct before encountering Fite. |
| 213 | *8-17-21 Report, County00540-County00555 | | **Stipulated As Not Admissible** -  This exhibit is not admissible |

- 34 -

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | as both parties object to its admission into evidence. |
| 214 | *Redlands Audio – 42791795 (Witness Lakaya Hodge) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 215 | *Transcript of Redlands Audio – 42791795 (Witness Lakaya Hodge) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 216 | *Redlands Audio – 43353628 (Witness Kirtius Crosby) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 217 | *Transcript of Redlands Audio – 43353628 (Witness Kirtius Crosby) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 218 | *Redlands Audio – 43353629 (Deborah Moller) | Π- Hearsay, FRE 403 | Δ Proffer- Defendants do not intend to request that the entire recording of Ms. Moller interview be entered into evidence. However, they should be able to play several portions of the audio recording |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | | |
|---|---|---|---|---|
| | | | | for various non hearsay purposes.  Notably the only audio objected to by Plaintiff on hearsay grounds are her own statements. FRE 803(5) provides an exception for Recorded Recollection which is applicable to recording, Under FRE 801(2)- not hearsay as a prior statement of an opposing party. 403-  Ms. Moller's prior statements regarding her relationship with her son closer in time to the incident are clearly relevant. Π Response- Defendant has not identified which portions of this audio is admissible, and thus this exhibit is inadmissible under FRE 403. |
| 219 | *Transcript of Redlands Audio – 43353629 (Deborah Moller) | Π- Hearsay, FRE 403 | | Δ Proffer- Defendant will not seek to admit the transcript in evidence, but may request that |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | it be used to aid the jury when audio is played only if they are not permitted to use Exhibit 220 where the audio and transcript are synced. Π Response- Defendant has not identified which portions of this audio is admissible, and thus this exhibit is inadmissible under FRE 403. The transcript itself is hearsay to which no exception applies. |
| 220 | Audio Recording of Deborah Moller – 43353629 with Synced Transcript | Π- Hearsay, FRE 403 | Δ Proffer- Defendant intends to use Ms. Moller's prior statements for appropriate non hearsay purposes and has synced the transcript with the audio to assist the jury. Π Response- Defendant has not identified which portions of this audio is admissible, and thus this exhibit is inadmissible under FRE 403. The transcript itself is hearsay to which no exception applies. |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| 221 | *Redlands Audio – 44632849 (Witness Robert) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 222 | *Transcript of Redlands Audio – 44632849 (Witness Robert) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 223 | *Redlands Audio – 44632850 (Witness Kirtius Crosby) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 224 | *Transcript of Redlands Audio – 44632850 (Witness Kirtius Crosby) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. |
| 225 | Redlands Audio – 50072187 (Witness Juan Lievanos) | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Δ response-  Mr. Lievanos is expected to testify and depending on his testimony some of the recording may be admissible under FRE 805(5)- |

- 38 -
**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | Recorded Recollection- but is not admissible otherwise |
| 226 | Redlands Audio- 50072188 (Witness Juan Lievanos | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Δ response- if portions of the audio recording are admissible, that portion of the transcript can be used to assist the jury but the entire transcript should not be admitted. |
| 227 | Redlands Audio- 500072189 (Witness Juan Lievanos | | **Stipulated As Not Admissible** -  This exhibit is not admissible as both parties object to its admission into evidence. Δ response-  Mr. Lievanos is expected to testify and depending on his testimony some of the recording may be admissible under FRE 805(5)- Recorded Recollection- but is not admissible otherwise |
| 228 | Transcript of Redlands Audios – 50072187- | | **Stipulated As Not Admissible** -  This exhibit is not admissible |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | 50072189 (Witness Juan Lievanos) | | as both parties object to its admission into evidence. Δ response- if portions of the audio recording are admissible, that portion of the transcript can be used to assist the jury but the entire transcript should not be admitted. |
| 229 | *Redlands Audio – 50441074 (unknown witness) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 230 | *Transcript of Redlands Audio – 50441074 (unknown witness) | 403 | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 231 | *Redlands Audio – 50441077 (Witness Robert Morris) | | **Stipulated As Not Admissible** - This exhibit is not admissible as both parties object to its admission into evidence. |
| 232 | *Transcript of Redlands Audio – 50441077 (Witness Robert Morris) | | **Stipulated As Not Admissible** - This exhibit is not admissible |

**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

| | | | |
|---|---|---|---|
| | | | as both parties object to its admission into evidence. |
| 233 | Scene Photo, County 000121 | | Stipulated- Admissible when witness provides proper context for exhibit. |
| 234 | Deputy Fite Route from LLUMC to Cardinal Court (Graphic Illustration per Local Rule 16-3) | | Stipulated- Admissible when witness provides proper context for exhibit. |
| 235 | Deputy Fite Route from Cardinal Court to Alessandro Rd. (Graphic Illustration per Local Rule 16-3) | | Stipulated- Admissible when witness provides proper context for exhibit. |
| | | | |
| | | | |

DATED: July 26, 2024                    **CONLOGUE LAW, LLP**


                                        ___*/s/Kevin S. Conlogue*___
                                        Kevin S. Conlogue, Esq.
                                        Ashley M. Conlogue, Esq.
                                        Attorneys for Plaintiff,
                                        DEBORAH MOLLER

- 41 -
**JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH OBJECTIONS AND PROFFER OF ADMISSIBLITY**

1

2   DATED: Julv 26. 2024                     **LYNBERG & WATKINS. APC**

3

4                                     Bv:  **/s/ _Shannon L. Gustafson_**
5                                          **SHANNON L. GUSTAFSON**
                                           **AMY R. MARGOLIES**
6                                          Attorneys for Defendants,
                                           SAN BERNARDINO COUNTY and
7                                          BREANA FITE

8

9        I certify that all parties to this document have consented to its filing and to the

10  language contained herein and have authorized the undersigned to affix their

11  electronic signatures.

12
    DATED: July 26, 2024                    **LYNBERG & WATKINS, APC**
13

14

15                                    By:   _/s/ Shannon L. Gustafson_
                                           **SHANNON GUSTAFSON**
16                                         **AMY MARGOLIES**
                                           Attorney for Defendants SAN BERNARDINO
17                                         COUNTY, BREANA FITE

18

19

20

21

22

23

24

25

26

27

28                                        - 42 -
    **JOINT EXHIBIT LIST FOR TRIAL AS TO COUNTY DEFENDANTS WITH
    OBJECTIONS AND PROFFER OF ADMISSIBLITY**