SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO and BREANA FITE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MOLLER, an individual and successor –in-interest of BRET BREUNIG, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity; BREANA FITE<br><br>Defendant. | MASTER CASE NO. 5:22-CV-01306-DSF-MAR<br><br>*Assigned for All Purposes to:*<br>*Hon. Dale S. Fischer– Courtroom 7D*<br><br>**COUNTY DEFENDANTS' RULE 50 MOTION REGARDING PLAINTIFF'S NEGLIGENCE CLAIM**<br><br>*Trial Date:*   August 13, 2024 |

1
**COUNTY DEFENDANTS' RULE 50 MOTION REGARDING PLAINTIFF'S NEGLIGENCE CLAIM**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

County of San Bernardino and Deputy Breana Fite (collectively "Defendants") bring this Motion pursuant to Fed. R. Civ. P. 50(a) regarding Plaintiff Deborah Moller's cause of action for Negligence.  In order for Plaintiff to prove her case, she must prove that Mr. Breunig attempting to board a moving train was foreseeable as Defendants can only be liable for foreseeable harms.  Plaintiff has presented no evidence what occurred was foreseeable to support her negligence claim, as such no reasonable jury could find in her favor.  Specifically, it is undisputed the evidence showed that Mr. Breunig got out of Deputy Fite's vehicle, walked away from Deputy Fite, walked down the street after Deputy Fite had left the scene, then minutes later Mr. Breunig attempted to board the moving train.  There was no indication Mr. Breunig was confused, hallucinating, suicidal, or any other indication that he was attempting to do something so reckless that would cause his death.  Thus, it was not foreseeable, as a matter of law, that Mr. Breunig would attempt to board a moving train and judgment as a matter of law should be granted in favor of defense.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 50(a) requires a party seeking judgment as a matter of law to file a Rule 50(a) motion at any time before the case is submitted to the jury. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1082 (9th Cir. 2009).  The Court should grant the motion when "under the governing law, there can be but one reasonable conclusion as to the verdict." *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).  The question is not whether there is a mere scintilla of evidence presented by Plaintiff, but rather whether there can be but one reasonable conclusion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986) citing

*Improvement Co. v. Munson*, 14 Wall. 442, 448 (1987). "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205–06 (9th Cir. 2008).

### III. <u>REASONABLE MINDS MUST AGREE MR. BREUNIG ATTEMPTING TO JUMP ONTO A MOVING TRAIN WAS NOT FORESEEABLE</u>

In order for Plaintiff to prove her claim of Negligence against Defendants, she must prove that it was reasonably foreseeable that injury or damage would likely occur. *See, Osborn v. City of Whittier*, 103 Cal.App.2d 609, 615-16 (2d Cal. 1951). "As a general principle, 'a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct', with respect to all risks which make the conduct unreasonably dangerous.'" *Tarasoff v. Regents of University of California*, 17 Cal.3d 425, 434–435 (1976). "Foreseeability involves three considerations: 'the [general] foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, [and] the closeness of the connection between the defendant's conduct and the injury suffered.'" *Huang v. The Bicycle Casino, Inc.*, 4 Cal.App.5th 329, 341 (2d Cal. 2016) citing *Parsons v. Crown Disposal Co.*, 15 Cal.4th 456, 473 (1997). "[W]hen the avoidance of foreseeable harm requires a defendant to control the conduct of another person, or to warn of such conduct, the common law has traditionally imposed liability only if the defendant bears some special relationship to the dangerous person or to the potential victim." *Tarasoff v. Regents of Univ. of California*, 17 Cal. 3d at 435. If the court "determines that the defendant's conduct clearly falls outside the community's conception of fault, the issue of foreseeability

must be withdrawn from the jury." *Cunningham v. Happy Place, Inc.*, 157 Or. App. 334, 337 (1998).

Because the federal case law surrounding motions for judgment on the pleadings of California state law claims of negligence are sparse, an analysis of state law is relevant here. Similar to the federal legal standard, when ruling on a motion for a directed verdict, the California courts view the evidence in the light most favorable to the non-moving party. *Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal.3d 741, 745 (1970). "A [] directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given.'" *Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal. 3d 741, 745 (1970) quoting *Estate v. Lances*, 216 Cal. 397 (1932); *Shay v. Schauble*, 2012 WL 1024649, *4 (2d Cal. 2012). "A mere 'scintilla of evidence' does not create a conflict for the jury's resolution; 'there must be *substantial evidence* to create the necessary conflict.'" *Nally v. Grace Community Church*, 47 Cal.3d 278, 291 (1988) citing 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 410, p. 413 (italics in original). California courts have held that if an action or injury is unforeseeable, a directed verdict should be granted. *See e.g.*, *Merrill v. Buck*, 19 Cal. Rptr. 621, 627 (2d Cal. 1962); *Nally v. Grace Community Church*, 47 Cal.3d 278, 293 (1988) (California Supreme Court granted a motion for nonsuit wherein parents sued a church and church counselors for negligence when their adult son committed suicide, holding there is only a duty to prevent suicide if there was a special relationship and foreseeable risk of suicide).

Plaintiff Moller has presented her case, with only her expert toxicologist remaining. Dr. Treuting has already been excluded from presenting any evidence as

to what effects Fentanyl had on Mr. Breunig and is only able to testify generally about the signs and symptoms of Fentanyl in a normal person. As such, his testimony is not likely to create a dispute of fact.

The evidence shows Mr. Breunig exited Deputy Fite's patrol vehicle (Transcript Fite Testimony 8/13/24 p. 204; Transcript Fite Testimony 8/14/24 p. 273-274, Lievanos Testimony p. 292, Lamar Testimony p. 308), walked past Deputy Fite (Transcript Fite Testimony 8/13/24 p. 209-210; Transcript Fite Testimony 8/14/24 p. 273-274, 276, Lamar Testimony p. 308), walked away from Deputy Fite towards the orange groves and the train (Transcript Fite Testimony 8/13/24 p. 211; Transcript Fite Testimony p. 276, Lievanos Testimony p. 292-293, Lamar Testimony p. 308-10), and then he walked towards the moving train after Deputy Fite already made a U-turn to leave the scene. (Transcript Fite Testimony 8/13/24 p. 209-210; Transcript Fite Testimony 8/14/24 p. 276, Lievanos Testimony p. 293-294, Lamar Testimony p. 307-308). The only percipient witnesses to testify in this case saw Mr. Breunig trying to jump aboard the moving train twice to "catch a ride," and then die as a result. (Transcript Lievanos Testimony 8/14/24 p. 293, 299-300, Lamar Testimony p. 310-311, 317-319). It was shocking to Mr. Lievanos and Mr. Lamar, and the witnesses present precisely because it was unforeseeable as a matter of law. (Transcript Lievanos Testimony 8/14/24 p. 293, 295, Lamar Testimony p. 312).

Plaintiff will likely argue that because Mr. Breunig may have been under the influence of Fentanyl he was somehow incapacitated to such an extent that he could not make rational decisions. However, there has been no evidence to support that Mr. Breunig engaged in any behavior that would have put Deputy Fite on notice that Mr. Breunig would board a moving train. Mr. Breunig's entirely unforeseeable act cuts off liability to the Defendants. Deputy Fite could not have known Mr. Breunig was in substantial danger of ending his life by doing something as reckless as boarding a

moving train. There is but one reasonable conclusion based on the evidence presented – it was not foreseeable Mr. Breunig would attempt to board a moving train, thus Plaintiff has not proven her claim for negligence and Defendants' motion for judgment as a matter of law should be granted.

## IV. CONCLUSION

For the aforementioned reasons, Defendants request this Court grant their motion for judgment as a matter of law.

DATED: August 16, 2024         **LYNBERG & WATKINS**
                                A Professional Corporation


By: */s/ Anita K. Clarke*
SHANNON L. GUSTAFSON
AMY R. MARGOLIES
ANITA K. CLARKE
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO and BREANA FITE

6
**COUNTY DEFENDANTS' RULE 50 MOTION REGARDING PLAINTIFF'S NEGLIGENCE CLAIM**