**F I L E D**
CLERK, U.S. DISTRICT COURT

8/20/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pk _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DEBORAH MOLLER,

       Plaintiff,

   vs.

BREANA FITE,

       Defendant.

5:22-cv-01306-DSF-MAR

**JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

    When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence that has been presented to you, regardless of which party presented it.

**INSTRUCTION NO. 3**

The evidence that has been presented to you to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which have been received into evidence; and

3.    any facts to which the lawyers have agreed.

# INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits that have been received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers that may have been made during trial are not evidence. The lawyers are not witnesses. What the attorneys have said in their opening statements and at other times, and will say in their closing arguments, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the attorneys have stated them, your memory of them controls.

2.     Questions and objections by attorneys made during trial are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 5**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence presented to you at trial. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a garden hose that was left turned on, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# INSTRUCTION NO. 6

In deciding the facts in this case, you will have to decide which testimony you have heard during the trial to believe and which testimony not to believe. You may believe everything a witness has said, or part of it, or none of it.

In considering the testimony of any witness you heard at trial, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.

On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testified about it. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

**INSTRUCTION NO. 7**

You have heard testimony from experts who testified to their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 8

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access

to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 9**

The parties have agreed that on Exhibit 14 the distance between Point A and Point C is 6.9 miles.  The parties have also agreed that at the time of his death, Bret Breunig had a concentration of fentanyl of 8.6-nanograms per milliliter in his femoral blood.  You must treat these facts as having been proved.

**INSTRUCTION NO. 10**

Plaintiff Deborah Moller claims that she was harmed by Defendant Breana Fite's negligence. To establish this claim, Moller must prove all of the following:

1. That Fite was negligent;

2. That Moller's son, decedent Bret Breunig, died; and,

3. That Fite's negligence was a substantial factor in causing Breunig's death.

# INSTRUCTION NO. 11

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful peace officer would have acted in Fite's situation.

You must decide how a reasonably careful person would have acted in Breunig's situation.

1

**INSTRUCTION NO. 12**

2

3        You may consider customs or practices in the law enforcement community in

4   deciding whether Fite acted reasonably.  Customs and practices do not necessarily

5   determine what a reasonable peace officer would have done in Fite's situation.  They

6   are only factors for you to consider.

7

8        Following a custom or practice does not excuse conduct that is unreasonable.

9   You should consider whether the custom or practice itself is reasonable.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### INSTRUCTION NO. 13

A person with a physical disability is required to use the amount of care that a reasonably careful person who has the same physical disability would use in the same situation.

1

2

**INSTRUCTION NO. 14**

3          A person is not necessarily negligent just because that person used drugs.

4     However, people who take drugs must act just as carefully as those who do not.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 15

Fite claims that she is not responsible for Breunig's death because of the later misconduct of Breunig. To avoid legal responsibility for the harm, Fite must prove all of the following:

1. That Breunig's conduct occurred after Fite's conduct;

2. That a reasonable person would consider Breunig's conduct a highly unusual or an extraordinary response to the situation;

3. That Fite did not know and had no reason to expect that Breunig would act in a negligent manner; and

4. That the kind of harm resulting from Breunig's conduct was different from the kind of harm that could have been reasonably expected from Fite's conduct.

### INSTRUCTION NO. 16

Fite claims that she is not responsible for Breunig's death because of the later intentional misconduct of Breunig.  Fite is not responsible for Breunig's death if Fite proves the following:

    1. That Breunig committed an intentional act;

    2. That Breunig's intentional conduct happened after Fite's conduct; and

    3. That Fite did not know and could not have reasonably foreseen that a person would be likely to take advantage of the situation created by Fite's conduct to commit this type of act.

## INSTRUCTION NO. 17

Every person has a right to expect that every other person will use reasonable care, unless that person knows, or should know, that the other person will not use reasonable care.

# INSTRUCTION NO. 18

Fite claims that Breunig's own negligence contributed to his death. To succeed on this claim, Fite must prove both of the following:

1.    That Breunig was negligent; and,

2.    That Breunig's negligence was a substantial factor in causing his death.

If Fite proves the above, Moller's damages are reduced by your determination of the percentage of Breunig's responsibility. I will calculate the actual reduction.

**INSTRUCTION NO. 19**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**INSTRUCTION NO. 20**

If you decide that Moller has proved her claim against Fite for Breunig's death, you also must decide how much money will reasonably compensate Moller for Breunig's death. This compensation is called "damages."

Moller does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

Moller claims damages for the loss of Breunig's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

No fixed standard exists for deciding the amount of damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In determining Moller's loss, do not consider:

1. Moller's grief, sorrow, or mental anguish;

2. Moller's pain and suffering; or

3. Moller's poverty or wealth.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation. According to Vital Statistics of the United States published by the National Center for Health Statistics, the average life expectancy of a 57-year-old female is 27 years, and the average life expectancy of a 33-year-old male is 45 years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

# INSTRUCTION NO. 21

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 23**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 24

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.