# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH MOLLER, an individual and successor-in-interest of BRET BREUNIG, deceased,<br>    Plaintiff,<br><br>    v.<br><br>LOMA LINDA UNIVERSITY MEDICAL CENTER et al.,<br>    Defendants. | 5:22-cv-01306-DSF-MARx<br><br>Order Requiring Additional Briefing |

  Defendant Loma Linda University Medical Center (LLUMC) moves for partial resubmission or reconsideration of the Court's November 29, 2023 Order granting in part and denying in part LLUMC's motion for summary judgment. Dkt. 233 (Mot.). Plaintiff Deborah Moller opposes. Dkt. 248 (Opp'n).

  The remaining claims against LLUMC are an Emergency Medical Treatment and Labor Act (EMTALA) claim and a claim under California Health & Safety Code § 1317.[1] Under EMTALA, if an individual seeks emergency care from a hospital with an emergency room and if that hospital participates in the Medicare program, then "the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency

---

[1] California Health and Safety Code § 1317 is "California's version of [EMTALA]." Brooker v. Desert Hospital Corp., 947 F.2d 412, 415 (9th Cir. 1991).

department to determine whether or not an emergency medical condition exists." Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1255-56 (9th Cir. 1995) (quoting 42 U.S.C. § 1395dd(a)). In the summary judgment order, the Court found that there was a genuine dispute as to whether the decedent Bret Breunig was removed from the hospital or voluntarily eloped before the completion of his medical screening examination. Dkt. 175 (MSJ Order) at 8. This finding was based on the recorded statements of three individuals—Mary Matlean, Joseph Miller, and Breunig himself—who stated LLUMC had kicked Breunig out of the hospital.

LLUMC argues that there is now a material difference in fact from that presented to the Court at the time of the motion for summary judgment. Mot. at 6. According to LLUMC, the Court based its denial of summary judgment on facts that are now inadmissible. For this reason, LLUMC contends that there is no longer a genuine dispute of material fact to support Moller's argument that Breunig was kicked out of the hospital.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case for which that party will bear the burden of proof at trial. Id. at 322-23. However, where the moving party will bear the burden of persuasion at trial on an affirmative defense, it cannot obtain summary judgment by relying on its opponent's inability to produce evidence to supports its claims. Rather, a party moving for summary judgment on an issue for which it bears the burden of proof must make an affirmative showing so compelling that no rational jury would fail to award judgment for the moving party. See, e.g., Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir. 1998) ("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence

that he provides on that issue is conclusive."). If the moving party fails to meet this initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

As the Court previously noted, Moller would be estopped from obtaining relief under EMTALA if Breunig caused the defendant's failure to complete the proper medical screening. MSJ Order at 7 (citing Cavender v. Sutter Lakeside Hosp., Inc., No. 04-cv-3110-MMC, 2005 WL 2171714, at *4 (N.D. Cal. Sept. 6, 2005)). In deciding the motion for summary judgment, the Court did not need to consider whether the contention that Breunig eloped was an affirmative defense for which LLUMC would bear the burden of proof at trial. However, the issue has been raised again and neither party clearly addressed whether the patient's elopement is an affirmative defense.

For these reasons, the Court orders both parties to file additional briefing not to exceed eight pages addressing: (1) what elements must Moller establish for an EMTALA claim, and (2) is LLUMC's assertion that Breunig eloped an affirmative defense. The parties must file briefs addressing this issue within 14 days of the filing of this Order. The Court will not consider any arguments that do not comply with this Order.

IT IS SO ORDERED.

Date: August 26, 2024

*Dale S. Fischer*

Dale S. Fischer
United States District Judge